## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Cecilia S. Dally,

|  |  |  |
|--|--|--|
|  | Plaintiff, | Case No. 24-11958 |
| v. |  | Judith E. Levy |
|  |  | United States District Judge |
| City of Melvindale, *et al.*, |  |  |
|  |  | Mag. Judge Elizabeth A. Stafford |
|  | Defendants. |  |

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO STAY PROCEEDINGS [15, 17]

Before the Court are Defendant Joseph Jackson's Motion to Stay Proceedings (ECF No. 15) and Defendants City of Melvindale, Julie Rauser, and Dawn Cartrette's Motion to Stay Proceedings (ECF No. 17) (together, "Motions to Stay").

For the reasons set forth below, the Motions to Stay are granted.

## I.    Background

On July 29, 2024, Plaintiff Cecilia S. Dally filed a complaint against Defendants City of Melvindale, Joseph Jackson, Julie Rauser, and Dawn Carrette. Plaintiff alleges deprivation of federal civil rights; sex

discrimination and sexual harassment in violation of the Elliott-Larsen Civil Rights Act ("ELCRA"); assault and/or battery; breach of contract and violation of charter duties; violation of rights under the Whistleblowers' Protection Act; retaliation in violation of the ELCRA; and defamation and slander. Since the initiation of this civil case, Defendant Joseph Jackson has been charged with one count of misdemeanor assault and one count of misdemeanor disturbing the peace. (ECF No. 15, PageID.152–153.)

On January 8, 2025 and January 15, 2025, Defendants filed these Motions to Stay until the conclusion of the state circuit court criminal case and any appeal before the Circuit Court for the County of Wayne. (ECF Nos. 15, 17.) Plaintiff filed responses on January 20, 2025 and January 29, 2025. (ECF Nos. 18, 19.) In her responses, Plaintiff argues that the Court should grant the stay, subject to three conditions: it should address her need to file an amended complaint; the stay should apply to the entire case for six months; and the stay should be subject to revision due to changes in circumstances, such as if Defendant Jackson takes the stand and waives any privilege against self-incrimination in his criminal case. (ECF No. 18, PageID.202.)

2

## II.    Legal Standard

"The Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Bowman v. City of Flint*, No. 21-cv-12845, 2023 U.S. Dist. LEXIS 3444, at *2 (E.D. Mich. Jan. 9, 2023) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980)). However, a court has broad discretion to stay a civil action in the face of pending criminal proceedings. *Id.* When considering whether to grant a stay, courts consider the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citation omitted) (noting that courts should also consider the extent of any Fifth Amendment implications).

## III.   Analysis

Here, the Court finds the above factors weigh in favor of granting a stay in the litigation.

The first favor, which is the extent to which the issues in the criminal case overlap with those presented in the civil case, weighs in favor of staying the civil case. In his criminal case, Defendant Jackson is charged with one count of misdemeanor assault and one count of misdemeanor disturbing the peace. (ECF No. 15, PageID.152–153.) As Defendant Jackson notes, the civil complaint and criminal case involve the same "underlying incident." (ECF No. 15, PageID.152.)

The second factor, which is the status of the case, weighs in favor of a stay. "In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted, whereas pre-indictment requests for a stay . . . are usually denied." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). Defendant Jackson has already been charged.

The balance of the parties' interests favors a stay. Plaintiff does not oppose a stay, subject to certain conditions,[1] yet denying the stay would

---

[1] The first condition is that the Court allow Plaintiff to file an amended complaint. (ECF No. 18, PageID.265.) Plaintiff already filed an amended complaint on February 4, 2025. (ECF No. 22.) Plaintiff also requests that the stay apply to the entire case, which it will. The final request is that the Court condition the stay on changes in circumstance, such as whether Defendant Jackson testifies. The Court carefully considered this argument but finds this condition unnecessary because Defendant "Jackson has advised the undersigned that he seeks to invoke his rights

force the Defendant "to choose between asserting his Fifth Amendment right here (and thereby, jeopardizing his defense in this case), or not asserting that right, and thus, prejudicing his defense in the criminal matter." *Craft v. Billingslea*, No. 17-cv-12752, 2018 U.S. Dist. LEXIS 249659, at *5 (E.D. Mich. Mar. 21, 2018).

The final factors, which are the interests of the public and the Court, "do not particularly support either party's position. The public has an interest in the timely resolution of disputes and in ensuring that Defendants do not repeat the conduct alleged. The criminal case, however, may contribute to these interests." *Id.* at *7. The Court has an interest in efficiently managing its docket. Although there is no indication of how long a stay might last, the Court will require regular status reports from the parties to ensure that the case proceeds efficiently. *See id.*

Overall, three of the six factors weigh in favor of a stay, three factors are neutral, and Plaintiff does not oppose a stay, so the Court finds that a stay is warranted. Under similar circumstances, courts in

---

against self-incrimination guaranteed to him by both the United States and Michigan Constitutions." (ECF No. 15, PageID.153.)

this district have also found that a stay of a civil case is appropriate when a defendant to the civil case is charged in criminal proceedings. *See, e.g., Craft*, 2018 U.S. Dist. LEXIS 249659, at *2  (staying an excessive force civil case against all defendants while one defendant's criminal case was pending); *Goodman v. Mady*, No. 04-75011, 2005 U.S. Dist. LEXIS 64782, at *44 (E.D. Mich. Sep. 30, 2005) (staying a civil case related to a Ponzi scheme as to all defendants pending one defendant's criminal case being resolved); *Perry v. City of Pontiac*, No. 07-14036, 2012 U.S. Dist. LEXIS 507, at *4 (E.D. Mich. Jan. 4, 2012) (noting that the Court previously stayed the case as to the defendant being criminally charged until the completion of his criminal trial).

## IV.  Conclusion

For the reasons set forth above, Defendants' Motions to Stay are GRANTED. This action is stayed until Defendant Jackson's criminal case is resolved. The parties must file a joint written status report in 90 days, unless Defendant Jackson's criminal case has resolved before then, in which case the parties must inform the Court within five days of its resolution.

IT IS SO ORDERED.

Dated: May 21, 2025                    s/Judith E. Levy
       Ann Arbor, Michigan            JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2025.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager